IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CV-183-D

| | | |
|---|---|---|
| CEDRIC HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On January 4, 2010, Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R"), in which he recommended that plaintiff's motion for judgment on the pleadings be granted, that defendant's motion for judgment on the pleadings be denied, and that the action be remanded to the Commissioner [D.E. 30]. No party objected to the M&R. On January 20, 2010, the court reviewed the M&R, found there was no clear error on the face of the record, and adopted the recommendations in the M&R [D.E. 31]. On April 15, 2010, Holley moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [D.E. 33]. On May 5, 2010, the Commissioner moved under Federal Rule of Civil Procedure 60(b) for the court to vacate its January 20, 2010 order as "void" or for "mistake" [D.E. 34]. Essentially, the Commissioner contends that the court should not award attorney's fees because the court erroneously entered the January 20, 2010 order as a final judgment under sentence four of 42 U.S.C. § 405(g) instead of sentence six of 42 U.S.C. § 405(g). As explained below, the court denies defendant's Rule 60(b) motion [D.E. 34].

I.

In his motion for judgment on the pleadings, Holley argued that the Appeals Council erroneously failed to consider new and material evidence which had been submitted to the Appeals

Council. Mem. Supp. Mot. J. Pleadings 9–13. Specifically, Holley sent the Appeals Council a questionnaire that his treating opthamologist completed, but the Appeals Council failed to consider this evidence. M&R 9. The Commissioner conceded that Holley presented the questionnaire to the Appeals Council, but the Appeals Council failed to consider it. See Def.'s Mem. Supp. Mot. J. Pleadings 9. In the M&R, Judge Daniel found that the Appeals Council had erred in failing to consider this new and material evidence. See M&R 8–13.

No party objected to the M&R. On January 20, 2010, the court reviewed the M&R, found there was no clear error on the face of the record, and adopted the recommendations in the M&R [D.E. 31]. On April 15, 2010, Holley moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [D.E. 33]. On May 5, 2010, defendant moved under Federal Rule of Civil Procedure 60(b) for the court to vacate its January 20, 2010 order as "void" or for "mistake" [D.E. 34]. The Commissioner contends that the court should not award attorney's fees because the court erroneously entered the January 20, 2010 order as a final judgment under sentence four of 42 U.S.C. § 405(g) instead of sentence six of 42 U.S.C. § 405(g). See Mot. Vacate 1–5. Holley disagrees and contends that the court properly entered a final judgment because the new and material evidence was actually presented to the Appeals Council. See Pl.'s Resp. 1–7. The Commissioner replies that the distinction between a sentence four and sentence six remand depends not on whether the new evidence was presented to the Appeals Council, but only on whether "the Appeals Council made a finding regarding the materiality of the evidence." Def.'s Reply 2.

II.

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to set aside judgment in certain circumstances, including (1) "mistake, inadvertence, surprise, or excusable neglect," (2) or

where "the judgment is void." Fed. R. Civ. P. 60(b)(1), (4). To obtain relief under Rule 60(b), the moving party must satisfy two requirements. See, e.g., Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). First, the moving party must show (1) timeliness of the motion, (2) a meritorious claim or defense, and (3) lack of unfair prejudice to the opposing party. See, e.g., Heyman, 116 F.3d at 94 n.3; Gray, 1 F.3d at 264; Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); see also Ackermann v. United States, 340 U.S. 193, 199 (1950).

Second, if these threshold conditions are met, the court then determines whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266; see Dowell, 993 F.2d at 48. At this second stage, the moving party "must clearly establish the grounds . . . to the satisfaction of the . . . court and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) (quotations and citations omitted).

The court assumes without deciding that the Commissioner meets the three threshold conditions and turns to whether there was a "mistake" under Rule 60(b)(1) or the judgment is "void" under Rule 60(b)(4). The Commissioner contends that on January 20, 2010, the court mistakenly issued a final judgment remanding the action to the commissioner under sentence four of 42 U.S.C. § 405(g), rather than remanding under sentence six of 42 U.S.C. § 405(g) and retaining jurisdiction pending completion of the administrative proceedings on remand. Def.'s Mot. to Vacate. 1–5.

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the [Commissioner] are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g) . . . ." Shalala v. Schaefer, 509 U.S. 292, 296 (1993); see Richmond v. Chater, 94 F.3d 263, 268 (7th Cir. 1996); O'Connor v. Shalala, 23 F.3d 1232, 1233

3

(7th Cir. 1994). Sentence four of section 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). Sentence six of section 405(g) states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

Id.

A sentence four remand constitutes a final judgment for purposes of awarding attorney's fees. See, e.g., Schaefer, 509 U.S. at 297; Kirshnan v. Barnhart, 328 F.3d 685, 691 (D.C. Cir. 2003); Richmond, 94 F.3d at 268. In a sentence-six remand, however, the district court retains jurisdiction over the action pending further development of the record. See, e.g. Schaefer, 509 U.S. at 297; Kirshnan, 328 F.3d at 691; Richmond, 94 F.3d at 268.

The district court may order a sentence-six remand in two situations: "where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Schaefer, 509 U.S. at 297 n.2. With regards to sentence-six remands, the Seventh Circuit has explained:

> The prototype of a sentence six remand would be a case in which relevant new evidence had come to light since the agency's decision under appeal, and the parties

4

asked the district court to remand the case to allow the agency to consider the case further in light of new evidence, so that when the appeal resumed the court would have the benefit of the agency's consideration of all the relevant evidence.

Richmond, 94 F.3d at 268.

In this case, unlike the prototypical sentence-six remand, the Appeals Council failed to consider new and material evidence which had been presented to the Appeals Council. See Def.'s Mem. Supp. Mot. J. Pleadings 9; M&R 9–13. Indeed, the Commissioner conceded that Holley presented material evidence from his treating ophthalmologist to the Appeals Council, but that the Appeals Council failed to consider the evidence. See Def.'s Mem. Supp. Mot. J. Pleadings 9. It follows that because the material evidence had been presented to the Appeals Council, the court appropriately entered final judgment as a sentence-four remand, rather than a sentence-six remand. See Schaefer, 509 U.S. at 297 n.2; Krishnan, 328 F.3d at 691–92; Richmond, 94 F.3d at 268.

This conclusion is supported by the M&R. In the M&R, Judge Daniel declined to address good cause vis-a-vis the Appeals Council because "good cause is not required when the claimant presents the new evidence to the Appeals Council." M&R 10 n.2 (citing 20 C.F.R. §§ 404.970, 416.1470); see Wilkins v. Sec'y, Dept. of Health & Human Servs., 953 F.2d 93, 95–96 & n.3 (4th Cir. 1991) (en banc) ("There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council."). Rather, Judge Daniel concluded that the Appeals Council erred by "fail[ing] to consider certain evidence presented by [c]laimant." M&R 8.

Because the court correctly entered a final judgment and remanded pursuant to sentence-four, there was no "mistake" and the judgment is not "void" under Rule 60(b). Thus, defendant's motion to vacate [D.E. 34] is denied. Pursuant to the court's May 7, 2010 order [D.E. 36], the Commissioner has until August 27, 2010 to respond to plaintiff's motion for attorney's fees.

5

III.

As explained above, the court DENIES defendant's motion to vacate [D.E. 34]. Defendant has until August 27, 2010 to respond to plaintiff's motion for attorney's fees [D.E. 33].

SO ORDERED. This 17 day of August 2010.

*[signature]*
JAMES C. DEVER III
United States District Judge